UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHELSEA NICOLE DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:05-CV-1555-G |
| PHILIP WILLIAMS, ET AL., | ) | |
| | ) | **ECF** |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are 1) the motion of the defendant Richard J. Foy ("Foy") to quash service of process, 2) the motions of the defendants Philip Williams ("Williams") and Mark Watson ("Watson") to dismiss the claims against them, 3) the motion of the plaintiff Chelsea Nichole Duncan ("Duncan") for default judgment, and 4) the motion of Duncan for pretrial release.  For the reasons stated below, the motions of Foy, Williams, and Watson are granted, and the motions of Duncan are denied.

## I. BACKGROUND

This case arises out of the arrest and pretrial detention of Duncan in a state criminal prosecution. According to the complaint, Duncan made a U-turn on Forth Worth Avenue in Dallas, Texas when two City of Dallas police officers, Foy and Cory James Adams ("Adams"), pulled Duncan over and began searching her automobile. Complaint ¶¶ 46, 48. Foy and Adams arrested Duncan after discovering drug-like substances, other paraphernalia and large amounts of cash in the vehicle, learning that Duncan was on probation, and receiving an offer of bribery from Duncan. *Id*. ¶¶ 49, 51-53, 56.

After arraignment, at which her bail was set at $110,000, Duncan met with Watson, her attorney. *Id*. ¶¶ 56-57. Duncan alleges that Watson stated that, with his "connections" to Judge Janice L. Warder ("Judge Warder"), he could get Duncan released from jail if she would pay him $3,500. *Id*. ¶ 57. This deal allegedly fell through, however, and Duncan remained in jail. *Id*. ¶ 60. She then retained her new attorney, Tom R. Cox ("Cox"). *Id*. Following multiple proceedings in state court in which her bail was raised to $240,000, *id*. ¶ 74, Duncan remains in jail.

Duncan, acting *pro se* and while incarcerated in the George Allen Detention Center in Dallas, Texas, filed this suit pursuant to 42 U.S.C. § 1983, complaining of the arresting officers, the prosecutor, her two defense attorneys, and Judge Warder. *See generally* Complaint; Plaintiff's Motion for Pre Trial Release and Brief in Support

- 2 -

Thereof ("Motion for Pretrial Release") at 1.  On August 30, 2005, Foy filed both an

answer and the instant motion to quash service of process.  *See* Docket Sheet.  On

September 1, 2005, Judge Warder and Williams both filed motions to dismiss.  *Id.*

After having her original motion unfiled, Duncan filed the instant motion for default

judgment on September 13, 2005.  *Id.*  Two days later, she filed this motion for

pretrial release.  *Id.*  On October 5, 2005, Watson filed his motion to dismiss.  The

court granted Judge Warder's motion to dismiss and dismissed her from the case on

November 7, 2005.  November 7, 2005 Order.

## II. ANALYSIS

Due to the number of motions involved in this case, the court will dispose of

all five in this single order.  Thus, the order is subdivided into sections addressing

each motion.[1]

### A.  Foy's Motion to Quash Service of Process

Generally, "[i]t is hornbook law that Rule 12[b] motions must be filed before

filing a responsive pleading."  *Jambon Family Markets, Inc. v. Affiliated Foods Southwest,*

*Inc.*, No. 02-3361, 2003 WL 22299382, at *1 (E.D. La. Oct. 6, 2003) (quoting *Holy*

*Cross Hospital v. Bankers Life and Casualty Company*, No. 01-C-1505, 2002 WL

31319480, at *2 (N.D. Ill. Oct. 15, 2002)); *see also* 5C C. WRIGHT & A. MILLER,

FEDERAL PRACTICE AND PROCEDURE § 1391 (3d ed. 2004) at 501 (stating that "any

---

[1]     It should be noted that Duncan filed no response to the motions filed by
the defendants.

time a defendant makes a pre-answer Rule 12 motion, he or she must include, on

penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule

12(b)"). "A defense of . . . insufficiency of service of process is waived (A) if omitted

from a motion in the circumstances described in subdivision (g), or (B) if it is neither

made by motion under this rule nor included in the responsive pleading or an

amendment thereof permitted by Rule 15(a) to be made as a matter of course." FED.

R. CIV. P. 12(h)(1). Thus, to comply with the federal rules, a defendant must raise

insufficiency of service of process either in his answer or by motion prior to it. See

*Greene v. Keller*, 224 F.R.D. 659, 660-61 (D. Nev. 2004) (finding that defendant

waived defense of insufficiency of service of process by filing his motion to quash one

month after filing his answer, failing to include in his answer a defense of

insufficiency of process, and failing to amend his answer to include such defense

within twenty days of service); *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, No. 3:02-

CV-2727-G, 2004 WL 833595, at *3 (N.D. Tex. Apr. 19, 2004) (Fish, Chief J.)

(noting that "[d]efendants wishing to object to personal jurisdiction 'must do so in

their first defensive move, be it in a Rule 12 motion or a responsive pleading'").

In this instance, Foy filed his motion to quash service of process pursuant to

Rule 12(b)(5) on the same day as his answer. *See* Docket Sheet (entries 13 (motion

to dismiss) and 14 (answer), both filed on August 30, 2005). Although it could be

argued that Foy waived his defense of insufficiency of service of process by not clearly

filing his Rule 12 motion prior to his answer, the court will consider his motion.

Rule 4 of the Federal Rules of Civil Procedure governs the service of process.

Rule 4(e)(1), while not permitting service by mail, does provide that service can be

accomplished "pursuant to the law of the state in which the district court is located."

Texas rules provide that, absent prior authorization by the trial court, service must be

accomplished by either personal delivery to the defendant or by registered (or

certified) mail, return receipt requested.  TEX. CODE CIV. P. 106(a).  Here, Duncan

did not receive court authorization for alternative service.  Instead, Foy received a

copy of the summons and complaint via the Dallas Police Department interoffice

mail system.  Affidavit of Richard J. Foy ¶ 2, *attached to* Defendant Richard J. Foy's

Opposed Motion to Quash the Return of Service for Lack of Proper Service and Brief

in Support.  As this method of serving process does not comply with the Federal

Rules of Civil Procedure, Foy's motion to quash the return of service is granted.

A defendant must either be served or waive service within 120 days after the

complaint is filed.  *See* FED. R. CIV. P. 4(m).  If the plaintiff fails to obtain service

within this period, the court may either "dismiss the action without prejudice . . . or

direct that service be effected within a specified time."  *Id*.  The court may consider

the plaintiff's pro se status and good faith attempt to obtain service when deciding

whether dismissal is appropriate.  *Monroe v. Texas Utilities Company*, No. 3:01-CV-

1012-D, 2002 WL 413866, at *2 (N.D. Tex. Mar. 11, 2002); see, *e.g.*, *Kaff v. United Press International*, No. 88 CIV. 2331 (MJL), 1988 WL 130908, at *3 (S.D.N.Y. Dec. 1, 1988). Therefore, given the fact that Duncan is *pro se* and that she made a good faith effort to effect service, the court will not dismiss her claims against Foy but will grant an extension of time to make service of process in compliance with the federal rules. However, should Duncan not serve Foy properly within the time as extended by this order, the court will dismiss Duncan's claims against him.

B. <u>Williams' and Watson's Motions to Dismiss</u>

Also before the court is the motion of Williams, an assistant district attorney for Dallas County, to dismiss pursuant to Rule 12(b)(6). *See* Defendant Williams's Motion to Dismiss Under FED. R. CIV. P. 12(b)(6) and Brief in Support ("Williams Motion to Dismiss"). In a separate motion, defendant Watson also seeks dismissal of the claims against him pursuant to Rules 12(b)(1) and 12(b)(6). *See* Defendant Mark Watson's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and for Failure to State a Claim Upon Which Relief Can be Granted and Brief in Support Thereof ("Watson Motion to Dismiss").

1. *Standard for Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of

whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule

12(b)(6) should be granted only if it appears beyond doubt that the nonmovant

could prove no set of facts in support of her claims that would entitle her to relief.

*Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*,

28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v.*

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT &

MILLER, FEDERAL PRACTICE AND PROCEDURE:  CIVIL § 1357 at 598 (1969), for the

proposition that "the motion to dismiss for failure to state a claim is viewed with

disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983).  Second, the court

must accept all well-pleaded facts as true and view them in the light most favorable to

the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*,

30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021

(5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925

F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted

factual deductions will not suffice to prevent a motion to dismiss.  *United States ex rel.*

*Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

### 2.  *Williams' Motion*

Williams seeks dismissal on three grounds.  First, he argues that the complaint

against him should be dismissed because such claims are not actionable under 42

U.S.C. § 1983.  Williams Motion to Dismiss at 3-4.  Specifically, Williams contends

that Duncan's complaints against him consist of allegations of wrongful conviction and incarceration, which are subject to the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Williams Motion to Dismiss at 3-4.  Second, Williams argues that Duncan's claims against him in an individual capacity are barred by prosecutorial immunity.  *Id*. at 4.  Finally, Williams contends that Duncan's claims against him in an official capacity are barred by the Eleventh Amendment.  *Id*. at 4-5.

Williams is correct in asserting that Duncan essentially claims that she has been wrongfully convicted and incarcerated.  Consequently, she cannot recover damages under § 1983 without proof that her sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to do so, or called into question by a federal court's issuance of a writ of habeas corpus.  See *Heck*, 512 U.S. at 486-87; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam), *cert. denied*, 532 U.S. 971 (2001).  Because Duncan's case is still pending and she has offered no proof that any of these events invalidating her sentence has occurred, her claim is not yet cognizable under § 1983.  See *Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222 (D. Colo. 2001) (quoting *Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted)); see also *Davis v. Zain*, 79 F.3d 18, 19-20 (5th Cir. 1996) (per curiam).

Moreover, the Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages

under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991).  Here, Duncan's claims against Williams are based on his initiation and prosecution of the criminal case against Duncan.  *See generally* Complaint ¶¶ 64-67, 70, 73-74, 76-77.  Thus the claims against Williams in his individual capacity must be dismissed on the ground of prosecutorial immunity.  In addition, should the claims against Williams be construed as faulting Williams' actions in his official capacity, Williams is protected by the Eleventh Amendment from suit under § 1983 for monetary damages.  *Esteves v. Brock*, 106 F.3d 674, 677 and n.8 (5th Cir.), *cert. denied*, 522 U.S. 828 (1997).  Therefore, Williams' motion to dismiss Duncan's claims against him is granted.

### 3.  *Watson's Motion*

In his motion, Watson essentially argues that Duncan has not stated a cognizable claim under § 1983 and has not sustained her burden of showing that the court has subject matter jurisdiction over her claims.[2]  *See generally* Watson Motion to Dismiss.

To state a claim of deprivation of rights under section 1983, Duncan must allege "(1) that [s]he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241

---

[2]      Although argued both under Rules 12(b)(1) and 12(b)(6), the court finds it to be sufficient to construe the arguments solely under 12(b)(6).

(5th Cir. 1999) (citing *Flagg Brothers v. Brooks*, 436 U.S. 149 (1978)) (internal

quotations omitted).  Thus, in the instant case, the alleged wrongful activity is not

actionable under section 1983 unless it was taken with state action.  *George v. Pacific-*

*CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (per curiam), *cert. denied*,

519 U.S. 1081 (1997).

Although characterized by Watson as amounting to "no more than a tort claim

for malpractice," Watson Motion to Dismiss at 2, Duncan's claim against Watson

involves Watson's alleged "connections" with the presiding judge in Duncan's case

and an assurance of Watson's ability to get Duncan released on "reasonable bail."  *See*

Complaint ¶¶ 57-60.  The Supreme Court, in *Dennis v. Sparks*, 449 U.S. 24 (1980),

held that the proper test for determining whether a private party is amenable to suit

under § 1983 is whether the party was "a willful participant in joint action with the

State or its agents."  *Id.* at 27.  Rather than merely alleging malpractice, Duncan

alleges complicity between Watson and other state actors.  See *Pete v. Metcalfe*, 8 F.3d

214, 216 (5th Cir. 1993) (dismissing claims against the plaintiff's previous attorneys

because there was no allegation of complicity between the attorneys and agents of the

state).  A plaintiff's allegations of complicity can be sufficient to establish that a

private defendant acted under color of law within the meaning of § 1983, even if the

other defendants are protected by judicial or prosecutorial immunity.  See *Brummett v.*

*Camble*, 946 F.2d 1178, 1185 (5th Cir. 1991) (holding that private actors can be

deemed to have acted under color of law, even if conspiring with absolutely immune state actors), *cert. denied*, 504 U.S. 965 (1992); *Richardson v. Fleming*, 651 F.2d 366, 368 (5th Cir. 1981) (holding that the plaintiff presented an actionable claim under § 1983 by alleging that his retained defense attorney conspired with the prosecutor to deny the plaintiff adequate representation and a fair trial).

In § 1983 cases, however, courts require "the claimant to state specific facts, not merely conclusory allegations." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985) (quoting *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985)). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts," state a substantial claim of federal conspiracy under § 1983. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986) (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Here, although Duncan summarily alleges that Watson promised to use his "connections" with Judge Warder to get Duncan released from jail, she offers no material facts to show that Judge Warder agreed. In fact, Duncan states that Watson "renigged (sic)" and "failed to get Plaintif (sic) released on reasonable bail," Complaint ¶ 60, thus suggesting that there was no such agreement between Judge Warder and Watson, a private attorney. Accordingly, Duncan's claims against Watson must be dismissed. See *Hale*, 786 F.2d at 690 (affirming dismissal of § 1983 action against private persons when there was no allegation that a state actor (the judge) agreed with private conspirators to intimidate a witness).

D.  Duncan's Motion for Default Judgment

Duncan moves for default judgment against all defendants.  *See* Plaintif's (sic) Motion for Default Judgement.  The defendants Warder, Foy, Williams, and Watson have filed responses to this motion, all contesting entry of the default judgment sought by Duncan.

Rule 55 authorizes a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  FED. R. CIV. P. 55(a).  "Generally, the entry of default judgment is committed to the discretion of the district judge."  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); see *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1137-38 (5th Cir. 1980), *cert. denied*, 451 U.S. 1008 (1981).  However, this discretion is limited:  "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead and Savings Association*, 874 F.2d 274, 276 (5th Cir. 1989).  Indeed, default judgment is " 'available only when the adversary process has been halted because of an essentially unresponsive party.' "  *Id*. (quoting *H.F. Livermore Corporation v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Upon review of the record in this case, the court concludes that the motion for default judgment should be denied.  First, defendants Warder, Williams, and

Watson[3] have been dismissed from this case.  Second, service against defendant Foy has been quashed, so no default judgment can be entered against him unless, after proper service, he neglects to answer.

With respect to the final two defendants, Adams and Cox, the court notes that neither of them has responded to any pleading in this action.  In fact, Foy notes in his response to Duncan's motion for default judgment that "Adams has not even been served with summons."  Defendant Richard J. Foy's Response to Plaintiff's Motion for Default Judgment, and Brief at 2.  Upon investigation, the court discovered that, due to insufficient addresses, neither Adams nor Cox has been served.  *See* Track/Confirm Intranet Item Inquiry (noting that items 7004 2890 0000 8448 8866 (to Adams) and 7004 2890 0000 8448 8859 (to Cox) were "undeliverable as addressed") *attached to* Summons in a Civil Action No. 3:05-CV-1555-G to Tom R. Cox.  If neither Adams nor Cox was served, any default judgment granted against them would be void.

---

[3]    The court also notes that defendant Watson voluntarily filed a waiver of service of summons on August 26, 2005.  *See* Waiver of Service of Summons.  In this document, Watson noted that he would answer or motion under Rule 12 within sixty days after the date on which the complaint and summons were sent, which was August 5, 2005.  *Id*.  On October 5, 2005, Watson filed his motion to dismiss pursuant to Rule 12.  *See* Docket Sheet.  This was sixty-one days after receiving the summons and complaint.  Although the court could theoretically have granted Duncan's motion for default judgment against Watson before Watson was dismissed from the suit, that course of action would have served no purpose.

For these reasons, Duncan's motion for a default judgment against all defendants is denied.

### E.  Duncan's Motion for Pretrial Release

The remaining motion in this case is Duncan's motion for pretrial release. According to this motion, Duncan is currently being held in the George Allen Detention Center in Dallas, Texas.  Motion for Pretrial Release at 1.[4]  Duncan requests that this court release her from this state detention center "to prepare a proper defence."  *Id*. at 2.

Defendant Williams has responded to this motion, essentially stating that, because Duncan has not exhausted her state remedies, this court has no jurisdiction to grant any relief.  Defendant Williams's Response to Plaintiff's Motion for Pretrial Release and Brief in Support at 1.  The court agrees.  Without any proof that Duncan has either challenged her bond by filing a motion to reduce bond with the state district court or filed a pre-conviction writ of habeas corpus challenging her bond, she cannot seek redress in this court.  See *id*. at 1-2 (citing *Ex parte Hunt*, 138 S.W.3d 503 (Tex. App.--Fort Worth 2004, pet. ref'd); *Perry v. State*, No. 14-99-01161-CR,

---

[4]        The court notes with some concern that the signature bearing Duncan's name on her motion for pretrial release is substantially different from the signatures on all her other pleadings.  *See* Motion for Pretrial Release at 2.  The court chooses, despite the discrepancies, to address the substance of the motion in this order but cautions Duncan that she is required to personally sign her pleadings, motions, or other papers filed in this case.  *See* Rule 11(a), F.R. Civ. P.

1999 WL 1267196 (Tex. App.--Houston [14th Dist.] Dec. 30, 1999)).  Duncan's

motion for pretrial release is therefore denied.

### III.  CONCLUSION

For the reasons stated above, Williams' motion to dismiss is **GRANTED**;

Watson's motion to dismiss is **GRANTED**; Foy's motion to quash is **GRANTED**,

with leave for Duncan to re-serve Foy, in accordance with the Federal Rules of Civil

Procedure, and to file a return of service within 30 days of this date; Duncan's

motion for default judgment is **DENIED**; and Duncan's motion for pretrial release is

**DENIED**.  Duncan is directed to provide the correct address for defendants Cox and

Adams so that they be properly served, in accordance with the Federal Rules of Civil

Procedure.  If Foy, Cox, and Adams are not served according to the federal rules, and

a return of service filed within 30 days of this date, all claims against these defendants

will be dismissed without further notice.

**SO ORDERED**.

January 5, 2006.

A. JOE FISH
CHIEF JUDGE

- 15 -